UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
Case No: 2:17-cv-12983-LJM-MKM

Christine L. Tyler,

      Plaintiff,                                  **CLASS ACTION**

-vs.

Fabrizio & Brook, P.C.,

      Defendant.

_____

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Christine L. Tyler, on behalf of herself and all other similarly situated, by and through her counsel, Stephen A. Thomas, PLC, by Attorney Stephen A. Thomas, brings this class action case against Defendant Fabrizio & Brook, P.C., ("Fabrizio & Brook" or "Defendant"), and states the following claims for relief:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here in Detroit Michigan, and Defendant transacts business here in Detroit Michigan.

## PARTIES

4. Plaintiff Christine L. Tyler is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Fabrizio & Brook, P.C., (hereinafter, "Fabrizio & Brook") acquired and/or otherwise obtained the Debt for the purpose of collection and or foreclosure from Plaintiff.

6. Fabrizio & Brook is a business entity engaged in the collection of debt within the State of Michigan. Fabrizio & Brook is registered as a Domestic Professional Service Corporation in the State of Michigan with its Resident Agent: ROSE MARIE BROOK and Registered Office Address: 700 TOWER DR., STE 510, TROY, MI 48098.

7. The principal purpose of Fabrizio & Brook's business is the collection of debts allegedly owed to third parties and foreclosures of properties.

8. Fabrizio & Brook regularly collects, or attempts to collect, debts allegedly

owed to third parties.

9. During the course of its efforts to collect debts allegedly owed to third parties, Fabrizio & Brook sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone, facsimile and U.S. Mail.

10. At all relevant times, Fabrizio & Brook acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

11. Defendant Fabrizio & Brook regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and operating from an address at 700 TOWER DR., STE 510, TROY, MI 48098.

## VENUE

12. The transactions and occurrences which give rise to this action occurred in in Detroit Michigan Wayne County.

13. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

14. That Defendant Fabrizio & Brook attempted to collect a debt in the amount of $27,036.78, an amount which had already been discharged in bankruptcy, from a Bank of America account.

15. That on December 16, 2014, Plaintiff Christine L. Tyler filed her Chapter 7 Bankruptcy Case Number 14-59228-mar.

16. That Plaintiff Christine L. Tyler later received her Chapter 7 Bankruptcy discharge on March 24, 2015.

17. That any and all debts allegedly owed to Defendant Fabrizio & Brook was discharged in her bankruptcy case.

18. That Defendant Fabrizio & Brook contacted Plaintiff Christine L. Tyler through a collection letter dated September 13, 2016.

19. Defendant Fabrizio & Brook's September 13, 2016 letter stated in part, ***"you owe $27,036.78"***, which was an unfair and deceptive attempt to collect a debt not owed, which materially misled Plaintiff Tyler as to her rights under the FDCPA, and which affected and frustrated Plaintiff Tyler's ability to intelligently respond to Defendant's collection efforts.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action individually and as a class action on behalf of the following Class: All persons in the State of Michigan to whom the Defendant sent a letter that stated "you owe" monies for which no monies were owed within the six years before the action was filed. (the "Class")

21. Plaintiff reserves the right to redefine the Class prior to certification.

22. Excluded from the Class is any entity in which Defendant has a controlling

4

interest, officers or directors of Fabrizio & Brook, all government entities, and any justice or judicial officer presiding over this matter.

23. This action is brought and may be properly maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

24. The Class is so numerous that the individual joinder of all of its members is impracticable. The exact number and identities of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

25. Plaintiff will fairly and adequately represent and protect the interests of the Class.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

26. Plaintiff incorporates the preceding allegations by reference.

27. At all relevant times Defendant Fabrizio & Brook, in the ordinary course of business, regularly engaged in the practice of collecting debts.

28. Plaintiff Tyler is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

29. Defendant Fabrizio & Brook is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

30. Defendant Fabrizio & Brook's foregoing acts in attempting to collect this debt violated 15 U.S.C. §1692 et seq.

31. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant Fabrizio & Brook is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. §339.901(b).

34. Plaintiff is a "debtor" as that term is defined in M.C.L. §339.901(f).

35. Defendant Fabrizio & Brook's foregoing acts in attempting to collect this debt violated M.C.L. §339.915.

36. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

37. These violations of the Michigan Occupational Code were willful.

## COUNT IV VIOLATIONS OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT (Alternative to Count II)

38. Plaintiff incorporates the preceding allegations by reference.

39. Defendant Fabrizio & Brook and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the MRCPA, MCL 445.251, et seq.

40. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

41. Defendant Fabrizio & Brook's foregoing acts in attempting to collect this debt against Plaintiff who does not owe, constitutes violations of the Michigan Regulation of Collections Practices Act.

42. Plaintiff has suffered damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

43. Defendant Fabrizio & Brook's violations of the Michigan Regulation of Collections Practices Act were willful.

44. Defendant Fabrizio & Brook's violations of the MRCPA include, but are not necessarily limited to, the following:  a)Defendant Fabrizio & Brook violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt; b)Defendant Fabrizio & Brook violated M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against Defendant Fabrizio & Brook:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

                    Respectfully submitted,

Dated: December 26, 2017

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan  48226
313-965-2265
sthomas@313965bank.com