UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE L. TYLER,

  Plaintiff,

v.

FABRIZIO & BROOK, P.C.,

  Defendant.

Case No. 2:17-cv-12983-LJM-MKM
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING MOTION TO DISMISS [17]**

  Two key events underlie this case. The first was in March 2015. That was when Christine Tyler received a Chapter 7 bankruptcy discharge. While that meant Tyler no longer had to pay her mortgage loan, the discharge did not extinguish the bank's security interest in her home—the bank could still foreclose. The second was in September 2016. That was when Fabrizio & Brook, P.C., a law firm that does debt collection work, sent Tyler a one-page letter telling her that foreclosure was starting.

  Because the letter is at the center of this case, the Court sets it out in some detail. (The complete letter, with formatting, is attached to this opinion.) Its heading The letter was "RE" "FDCPA Validation Letter." It began, "BANK OF AMERICA . . . has retained our law firm to begin foreclosure proceedings on the above referenced property. As of the date of this letter, you owe $27,036.78." The letter included a paragraph parroting the requirements of the Fair Debt Collection Practices Act, including that if Tyler did not dispute the debt within 30 days, Fabrizio would "assume" the debt valid. At the bottom of the one-page letter—in bold font and all uppercase letters—was a disclaimer. It stated (without the capitalization) as follows: "Fabrizio & Brook, P.C. is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained

will be used for that purpose. However, if you are in bankruptcy or have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or as an act to collect, assess, or recover all or any portion of the debt from you personally."

Tyler sued Fabrizio on account of the letter. Although the complaint is not so specific, she apparently maintains the letter violated 15 U.S.C. § 1692e. (*See* ECF No. 18, PageID.110.) That provision of the Fair Debt Collection Practices Act bars a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e. Given her post-bankruptcy status, Tyler says the letter—primarily the "you owe $27,036.78" statement—is false or misleading. And in Tyler's view, if she received this letter, others must have too. So she seeks to represent a class of people who went through bankruptcy and then received a like letter from Fabrizio. (ECF No. 16, PageID.65–66.)

Fabrizio seeks dismissal pursuant to Rule 12(b)(6). The law firm's primary argument is that the letter was not "in connection with the collection of any debt" as that phrase is used in § 1692e. (*See* ECF No. 17, PageID.76–80.) In the Sixth Circuit, "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). Fabrizio points out that Tyler was told that "if [she] . . . ha[d] been discharged in bankruptcy," the letter was "for informational purposes only and [was] not intended as an attempt to collect a debt." Thus, in Fabrizio's view, the letter was informational, not to induce payment.

Tyler's case is like other ones decided by other courts. In cases where the letter implies or asserts that money should be paid, but also says to ignore that demand if there has been a bankruptcy discharge, judges have come to different conclusions about whether the letter was

2

"plausibly" (Rule 12(b)(6)) or "reasonably" (Rule 56) "in connection with the collection of any debt." For example, *Whalen v. Specialized Loan Servicing, LLC*, 155 F. Supp. 3d 905 (W.D. Wis. 2016), and *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308 (4th Cir. 2016), reach different outcomes on similar facts. Because each letter and the attendant circumstances differ somewhat, it might be possible to harmonize the precedent. But it is also probably fair to say that judges value disclaimers differently. *Compare Whalen*, 155 F. Supp. 3d at 911 ("[N]othing in the [bankruptcy] disclaimer undermines the previous statements in the letter that foreclosure may be imminent if plaintiff does not enter into a payment plan with defendant."), *with Lovegrove*, 666 F. App'x at 312 n.5 ("Even though the monthly statements generally request payments, we believe that the disclaimer is sufficient to provide notice that, for customers in bankruptcy, Ocwen was providing an updated account summary and not demanding payment.").

Having reviewed a number of cases on the issue[1] and having studied Fabrizio's letter to Tyler and the attendant circumstances, the Court finds that it is not "plausible, based on the facts

---

[1] In chronological order:

*Lara v. Specialized Loan Servicing, LLC*, No. 1:12-CV-24405-UU, 2013 WL 4804387 (S.D. Fla. Sept. 6, 2013) (more likely than not "in connection" with debt collection);

*Barton v. Ocwen Loan Servicing LLC*, No. CIV. 12-162 MJD, 2013 WL 5781324 (D. Minn. Oct. 25, 2013) (reasonable jury could find "in connection");

*LaCourse v. Ocwen Loan Servicing, LLC*, No. 14-CV-013-LM, 2015 WL 1565250 (D.N.H. Apr. 7, 2015) (not plausibly "in connection");

*Whalen v. Specialized Loan Servicing, LLC*, 155 F. Supp. 3d 905 (W.D. Wis. 2016) (one letter plausibly "in connection"; one letter not plausibly "in connection");

*Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308 (4th Cir. 2016) (no reasonable jury could find "in connection");

*Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835 (N.D. Ill. 2017) (plausibly "in connection");

*Lamprey v. Wells Fargo Home Mortg.*, No. 2:16-CV-00570-JDL, 2017 WL 3470570 (D. Me. Aug. 11, 2017) (plausibly "in connection");

*Thompson v. Ocwen Fin. Corp.*, No. 3:16-CV-01606 (JAM), 2018 WL 513720 (D. Conn. Jan. 23, 2018) (not plausibly "in connection");

*Williams v. Rushmore Loan Mgmt. Servs., LLC*, No. 3:15-CV-673 (RNC), 2018 WL 1582515 (D. Conn. Mar. 31, 2018) (reasonable jury could find "in connection");

alleged in the complaint [and the letter], that one of the purposes animating [Fabrizio's] decision to send the letter was to induce payment by [Tyler]," *Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014).

Consider first the letter's primary purpose. Unlike a letter about, say, a past due cable bill, Fabrizio's letter was not primarily about money owed. Instead it was primarily a notice that foreclosure was beginning. True, in the Sixth Circuit, foreclosure is debt collection. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459 (6th Cir. 2013); *but cf. Obduskey v. McCarthy & Holthus LLP*, 138 S. Ct. 2710 (2018) (granting certiorari to decide if FDCPA covers non-judicial foreclosures). But the letter does not appear to have been a necessary step to foreclose. Michigan requires notice in the form a posting on the property and weekly advertisements in a newspaper. Mich. Comp. Laws § 600.3208. So the letter was a courtesy to Tyler, letting her know that foreclosure proceedings were about to start. Its primary purpose was to inform.

And while the inquiry is not limited to the letter's primary purpose (instead asking if "*one of* the purposes animating [Fabrizio's] decision to send the letter was to induce payment," *Estep*, 552 F. App'x at 505 (emphasis added)), the letter was informational in other ways too. It did not explicitly ask for payment, it provided no due date for payment, it provided no payment coupon, and it provided no address to mail payment. *See Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 432 (6th Cir. 2015). True, Tyler presumably could have paid Bank of America to stave off foreclosure; but the letter does not order, or even really ask, Tyler to do that. As for the letter's assertion that Fabrizio would "assume that the debt [was] valid" unless Tyler disputed it, that

---

*Finley v. Mortg.*, No. 18-CV-11176, 2018 WL 6445691 (E.D. Mich. Dec. 10, 2018) (not plausibly "in connection").

language just echoes § 1692g and thus does not strongly indicate debt collection. *See Goodson*, 600 F. App'x at 432.

Last—but certainly not least—was the disclaimer telling Tyler that if she had received a discharge in bankruptcy, the letter was "for informational purposes only." That disclaimer—in bold and in all capital letters—appeared on the same page as any content suggesting debt collection. It was arguably the most conspicuous thing on the letter.

In all, the Court finds that the letter is not plausibly "in connection with the collection of any debt" as that phrase is used in § 1692e.

While the foregoing suffices to grant Fabrizio's motion and dismiss Tyler's complaint, the Court notes that Tyler—in her response to Fabrizio's motion—claims that the letter violates the FDCPA in another way. In particular, Tyler claims that the letter looked like it was prepared by an attorney but, in fact, was not. (ECF No. 18, PageID.108; *see also* ECF No. 18, PageID.111–13.) This claim is not part of Tyler's complaint. And a response to a motion to dismiss is not the place to amend a complaint. *Wiggins v. Ocwen Loan Servicing, LLC*, No. 15-14238, 2017 WL 476384, at *3 (E.D. Mich. Feb. 6, 2017).

Accordingly, the Court GRANTS Fabrizio's motion to dismiss (ECF No. 17) and DISMISSES Tyler's complaint.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: March 2, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon counsel of record using the Court's ECF System on March 2, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson